# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 04-1576


**RICHARD EVINS**

**VERSUS**

**RUSSELL BISHOP, ET AL.**


**************
APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NUMBER C-98-449
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE


**************
**SYLVIA R. COOKS**
**JUDGE**
**************


Court composed of Sylvia R. Cooks, John D. Saunders, Glenn B. Gremillion, Judges.

**AFFIRMED.**

Albin A. Provosty
John D. Ryland
Provosty, Sadler, deLaunay, Fiorenza & Sobel
934 Third Street, Suite 800
P.O. Drawer 1791
Alexandria, Louisiana 71309-1791
(318) 445-3631
COUNSEL FOR DEFENDANTS/APPELLEES:
    Russell Bishop, Vinson Brothers Trucking and
    Clarendon National Insurance Company

J. Craig Jones, Esq.
131 Highway 165 South
Oakdale, Louisiana 71463
(318) 335-1333
COUNSEL FOR PLAINTIFF/APPELLANT:
    Richard Evins

Craig R. Hill, Esq.
P.O. Box 1260
215 Sixth Avenue
Oberlin, Louisiana 70655
(337) 639-2127
COUNSEL FOR PLAINTIFF/APPELLANT:
    Richard Evins

**COOKS, Judge.**

## STATEMENT OF THE CASE

This case arises out of an accident involving a vehicle being driven by the plaintiff, Richard Evins and a tractor-trailer tandem rig being driven by the defendant, Russell Bishop. Following a trial on the merits, the jury found in favor of Mr. Evins and awarded $5,960.24 in past medical expenses, and $10,000.00 in general damages. The jury awarded no future medical expenses. However, the jury found Mr. Evins was 50% at fault in causing the accident and the December 20, 1999 Judgment reduced his recovery accordingly. Mr. Evins filed this appeal asserting the following assignments of error:

> (1) The trial court erred in allowing Appellees to argue comparative fault.
> (2) The jury verdict of general damages is insufficient and not based on the evidence.

For the reasons assigned below, we affirm the judgment of the trial court.

## STATEMENT OF THE FACTS

On the evening of July 25, 1997, Richard Evins was traveling on Louisiana Highway 10, a two lane roadway, in Oakdale. Mr. Evins saw his nephew walking and offered to give him a ride to Emmett's, a club located within the city limits of Oakdale. Mr. Evins could not utilize the parking lot of Emmett's because the lot was full of people and vehicles. He pulled his vehicle off the highway as far as it would go to allow his nephew to exit. Approximately one-third of the vehicle was outside the traveled portion of the roadway. Traveling to the rear of Mr. Evins was a tractor-trailer tandem rig operated by Russell Bishop and owned by Vincent Brother's Trucking Company. Mr. Bishop observed Mr. Evins' vehicle ahead of him and when Mr. Evins stopped to let his nephew exit, Mr. Bishop brought his rig to a complete stop behind him. He waited a minute or two for Mr. Evins to begin moving forward

3

but Mr. Evins did not move. Since there were no vehicles coming from the opposite direction, Mr. Bishop decided to go around Mr. Evins' stopped vehicle. When Mr. Bishop attempted to maneuver around Mr. Evins, the trailer hit the left rear quarter panel and rear bumper of Mr. Evins' vehicle and dragged the car several feet along the roadway. Mr. Bishop testified Mr. Evins' vehicle was stationary at the time he began the passing maneuver and the tractor cab was well in front of the Evins' vehicle prior to impact. Mr. Evins stated he stopped only a moment to let his nephew exit and then began moving his vehicle forward to re-enter the lane. He stated: "A truck pulled up behind me going pretty fast and stopped pretty close to me. I told James that I had to move. I started to move forward and all of a sudden I felt something hit my car." Mr. Evins testified he did not see the truck pulling around him. Immediately following the accident Mr. Evins was taken to the hospital by ambulance. He was treated with pain medication for his neck and shoulder and released.

## LAW AND DISCUSSION

*Comparative Negligence*

Mr. Evins contends the trial court erred in allowing the jury to consider the issue of comparative negligence. Mr. Evins contends the Defendants failed to effectively plead this defense. We disagree. Louisiana Code of Civil Procedure Article 1005 provides, in relevant part:

**Affirmative defenses**

The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence . . . and any other matter constituting an affirmative defense.

The Defendants' Answer placed Mr. Evins on notice the issue of comparative fault would be raised as a defense. Paragraph 16 of the Answer provides as follows:

4

Defendant denies the accident was caused by the negligence of Russell Bishop. Defendant asserts the accident was caused by the negligence of Richard Evins, consisting of his stopping his vehicle partially on the traveled portion of the highway, thus leading to the subsequent collision between his vehicle and the vehicle operated by Russell Bishop.

Additionally, Paragraph 17 of the Answer provides, in relevant part:

In the alternative, defendant contends any recovery of damages herein should be reduced to the degree to which plaintiff's own contributory negligence, as outlined in the preceding paragraph, was a cause of the accident.

We find no merit in the Plaintiff's argument that the Defendants failed to effectively plead comparative fault or that the Plaintiff was not placed on notice that the fault of Mr. Evins would be a central issue at trial. Moreover, we find sufficient evidence in the record to support the jury verdict finding Mr. Evins fifty percent at fault in causing this accident. Mr. Evins stopped his vehicle on a traveled highway. He testified he saw the truck behind him come to a stop. He had an affirmative duty to check his mirror and determine whether it was safe to re-enter the lane of traffic. We find no error in the decision of the jury.

*Damages*

Mr. Evins contends the damages awarded by the jury are insufficient given the medical testimony. We have reviewed the medical evidence and find the jury's award consistent with the evidence presented. The record indicates Mr. Evins was treated on four occasions by his family physician, and on three occasions by an orthopedic surgeon. He was treated conservatively and no pain medication was ever prescribed. Mr. Evins last medical examination was over one year prior to trial. The medical testimony consisted of Dr. George Mowad, a family practice physician, Dr. John Cobb, an orthopedic surgeon and Dr. Thomas Bertuccini, a neurosurgeon.

A week after the accident Mr. Evins consulted Dr. Mowad for neck and

shoulder pain. Dr. Mowad administered a cortisone shot and recommended heat treatments. Dr. Mowad treated Mr. Evins for four months and his office notes indicate Mr. Evins was improving. Then, in November 1997, Mr. Evins testified his symptoms began to change. He noticed numbness in his left arm, left hand and left leg. Mr. Evins consulted Dr. Cobb. Dr. Cobb testified he first saw Mr. Evins on March 18, 1998, approximately eight months after the accident. Mr. Evins complained of back and neck problems which he related to the accident. Dr. Cobb recommended an MRI of Mr. Evins back and neck which was taken on July 6, 1998. Dr. Cobb testified the lumbar findings were normal and he found no objective evidence to support Mr. Evins complaints of lumbar pain. Moreover, Dr. Cobb found no evidence of spasms or motor dysfunction in either the upper or lower extremities. The most significant finding was left-sided spurring at the C-5-6 level which Dr. Cobb testified would be consistent with pain in the neck region. He informed Mr. Evins of the results and his surgical options to correct the situation. Mr. Evins did not indicate his desire for surgery. Dr. Jeansonne, the radiologist, concurred with Dr. Cobb's findings of left-sided impingement at the C-5-6 level. Both Dr. Cobb and Dr. Jeansonne opined the spurring at the C-5-6 level was degenerative disc disease as a result of aging and not as a result of trauma. Dr. Cobb testified: "You know, certainly this wasn't a fracture, or this doesn't look like a post traumatic type of spur that came from say a fracture. It looked like more of an adaptive spur from degenerative of the spine."

Mr. Evins saw Dr. Thomas Bertuccini, a neurosurgeon, at the request of the Defendants. Dr. Bertuccini examined Mr. Evins, reviewed the MRI and office notes of Dr. Mowad and Dr. Cobb. He found at the C-5-6 level "there was very mild narrowing of the membrane over the spinal cord in the center and slightly to the left,

6

but again, without evidence of pressure on the nerve." He testified his examination of Mr. Evins and the MRI did not substantiate or validate Mr. Evins' symptoms of neck problems. His findings relative to the C-5-6 level were "insignificant findings, not explaining his symptoms and, therefore, not indicating the need for an operation on his neck.

We find, given the medical testimony, it is reasonable to conclude Mr. Evins suffered a soft tissue injury and an aggravation of a preexisting condition that substantially resolved within a few months of the accident. We find the jury award of $5,960.24 for past medical expenses and $10,000.00 for general damages reasonable and consistent with the medical evidence.

### DECREE

Based on the foregoing review of the record, we affirm the judgment of the trial court. All costs of this appeal are assessed to Richard Evins.

**AFFIRMED.**